**Jacqueline McKENZIE, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Defendant.**

**Civ. No. 4–84–182.**

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 7, 1985.

Laurie N. Davison, Legal Aid Society, Minneapolis, Minn., for plaintiff.

Mac Davis, Dept. of Health and Human Services, Baltimore, Md., and Paul W. Day, Asst. U.S. Atty., Minneapolis, Minn., for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Jacqueline McKenzie, brings this action seeking declaratory and injunctive relief against defendant, Margaret M. Heckler, Secretary of the Department of Health and Human Services (the Secretary), alleging that the Social Security Administration's policy of postponing the calculation and payment of retroactive Disability Benefits (RSDI) until after retroactive Supplemental Security Income (SSI) benefits have been calculated violates the Social Security Act and the Administrative Procedure Act (APA). Jurisdiction is alleged under 42 U.S.C. § 405(g) and § 1383(c), and 28 U.S.C. § 1361. This court issued an order conditionally certifying a class [1] and enjoining the Secretary from sending any retroactive SSI benefits of class members to county welfare agencies in Minnesota until a determination could be made on the merits. This matter is now before the court upon plaintiff's motions for class certification and summary judgment. Both sides have agreed that this action can be properly resolved upon summary judgment. Oral argument was scheduled, and written materials have been submitted by the parties, as well as the National Organization of

---

1. The class was defined as all persons residing in Minnesota whose applications for SSI and RSDI have been or will be adjudicated concurrently, and whose retroactive SSI benefits will be paid to the local welfare agency pursuant to an interim assistance agreement.

Social Security Claimants' Representatives, amicus curae.

BACKGROUND

Plaintiff filed an application for RSDI under Title II of the Social Security Act on September 30, 1980, and an application for SSI under Title XVI of the Social Security Act on January 9, 1981. While these programs both provide funds to the disabled, they each have different characteristics. RSDI is a government insurance program. To qualify, one must have worked and contributed to the Social Security trust fund the requisite number of quarters prior to becoming totally disabled. Eligibility for RSDI is not dependent on financial need. The SSI program, by contrast, is a needs based program. SSI provides monthly payments to totally disabled individuals, but only if their income and assets are below certain limits established by Congress and the Secretary. One can be eligible for SSI even if one has never worked and contributed to the Social Security trust fund. The disability test for SSI is identical to the disability test for RSDI.

Eligibility for RSDI and SSI is generally determined concurrently. This process lasts several months to several years, depending upon whether the claimant is found eligible initially or only after lengthy appeals. After a claimant is found eligible for both SSI and RSDI disability benefits, it is the established policy of the Social Security Administration to postpone calculating and paying retroactive RSDI benefits until after retroactive SSI benefits have been paid. See Program Operations Manual System (POMS), §§ GN02610.005 and GN02610.045. The retroactive SSI benefits are paid directly to the county as reimbursement for welfare benefits paid. Then the Social Security Administration calculates the amount of the retroactive RSDI benefits. The retroactive RSDI amount is reduced by the retroactive SSI already paid to the county, and the balance, if any, is paid to the claimant.

In plaintiff's case, her initial applications to both programs were denied and she filed a timely request for hearing on April 6, 1981.

While plaintiff was pursuing her Social Security appeal, she applied for and received welfare payments from Hennepin County under the Minnesota Supplemental Aid (MSA) Program. As a condition of receiving MSA, she signed an agreement authorizing the Social Security Administration to reimburse Hennepin County for MSA out of any retroactive SSI award she might receive. Under the agreement, the county would be reimbursed only if she were found eligible for SSI and only for MSA paid to Ms. McKenzie in those months during which she was found to have been eligible for SSI.

The statutory authority for the payment of retroactive SSI to counties as reimbursement for interim welfare assistance was enacted by Congress in 1974. Act of August 7, 1974, Pub.L. No. 93–368, § 5, 88 Stat. 420, codified at 42 U.S.C. § 1383(g). This statute applies only to SSI benefits. RSDI benefits may not be paid to counties as reimbursement for interim welfare benefits.

A hearing on the disability appeal was held before an Administrative Law Judge (ALJ). On May 17, 1982, the ALJ found that plaintiff met the disability requirements for RSDI effective July 1980, and for SSI effective January 1981.

Plaintiff began receiving prospective RSDI benefits in August of 1982 in the amount of $235.20. On September 14, 1982, plaintiff's attorney wrote to the district office to inquire why the claimant had not yet received her Award Certificate and her retroactive RSDI award. Plaintiff never received a response to this letter.

On January 13, 1983, plaintiff was sent an SSI Notice of Decision relating to her eligibility for SSI benefits. She was found eligible for SSI benefits from January of 1982 through July of 1982. Since she had received no other income for the period of January of 1982 through July of 1982, she was awarded SSI of $264.70 from January to June 1982, and $284.30 for July 1982 for a total of $1,872.50. The retroactive SSI

award was sent to the Hennepin County Welfare Department pursuant to 42 U.S.C. § 1383(g). Plaintiff had received $340 per month from the Hennepin County Welfare Department between January and July 1982 for a total of $2,272.20. Thus, Hennepin County retained the entire retroactive SSI award pursuant to the interim assistance agreement.

Plaintiff objected to the calculation and payment of her retroactive SSI award prior to the calculation and payment of her retroactive RSDI award and appealed from the January 13, 1983 SSI Notice. She received a final decision by the Appeals Council denying her Request for Review on January 9, 1984, thereby exhausting her administrative remedies.

On March 6, 1984, plaintiff filed her complaint in this action. She filed an amended complaint on March 26, 1984 to maintain her suit as a class action.

Plaintiff contends that she was eligible for approximately $215 per month in RSDI benefits between January and July of 1982, and $70 per month in SSI benefits. If her retroactive RSDI benefits had been calculated and paid simultaneously with her SSI benefits, or prior to the SSI award, plaintiff charges that she would have received RSDI of $1,505 ($215 × 7) for the period of January through July 1982; Hennepin County would have received $490 ($70 × 7) pursuant to its interim assistance agreement.

Since the retroactive SSI benefits were calculated and paid prior to the RSDI benefits, plaintiff contends that she will receive virtually no Social Security benefits for January through July 1982. She states that Hennepin County has retained the entire retroactive SSI award and when her retroactive RSDI benefits are awarded, they will be reduced ("offset") by the amount of SSI which would not have been paid had the RSDI been paid when due. 20 C.F.R. § 404.408b(b) (1983).

Plaintiff charges that the Secretary's policy is a violation of the Social Security Act since it deprives claimants of retroactive RSDI benefits which they would receive if their RSDI benefits were calculated and paid either simultaneously with, or prior to, their SSI benefits. She also contends that the Secretary failed to follow the provisions of the APA.

## DISCUSSION

### A. Class Certification

The Secretary alleges that class certification is inappropriate because the court lacks jurisdiction over members of the class who have not exhausted their administrative remedies. She contends that under 42 U.S.C. § 405(g), the sole basis for jurisdiction, each member of the class must have received a final decision of the Secretary after a hearing *and* have filed a civil action in an appropriate district within 60 days after the mailing of the notice of decision.[2] She notes that she has not waived the exhaustion requirement and argues that the court may not do so either. Because plaintiff has not demonstrated that other claimants besides herself have met this requirement, the Secretary maintains that plaintiff has failed to satisfy the numerosity requirement of Fed.R.Civ.P. 23.

Plaintiff, on the other hand, argues that jurisdiction is proper over the entire class because the exhaustion requirement of 42 U.S.C. § 405(g) may be properly waived. Alternatively, plaintiff contends that mandamus jurisdiction is available under 28 U.S.C. § 1361 because the Secretary has a clear non-discretionary duty to comply with 42 U.S.C. § 405(i) and with the APA.

To demonstrate jurisdiction under 42 U.S.C. § 405(g),[3] class members must meet two prerequisites. *Heckler v. Ringer*, — U.S. —, 104 S.Ct. 2013, 2023, 80

**2.** 42 U.S.C. § 405(g) provides in pertinent part: Any individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

**3.** 42 U.S.C. § 1383(c)(3) incorporates § 405(g) and establishes jurisdiction over SSI claims.

L.Ed.2d 622 (1984); *Mathews v. Eldridge,* 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976). The first is a nonwaivable requirement that a claim for benefits shall have been presented to the Secretary. *Id.* This requirement may be satisfied without the claimant actually filing a formal appeal. *See Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). (Plaintiff satisfied this step by returning a questionnaire to the Secretary.) The second prerequisite, that administrative remedies be fully pursued, may be waived by the court when plaintiff's claim is "wholly collateral" to the claim for benefits, and where plaintiff makes a "colorable showing" of irreparable injury if exhaustion is not waived. *Heckler v. Ringer,* —— U.S. ——, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984).

Plaintiff and her class clearly satisfy the nonwaivable presentment requirement. Each class member has applied for RSDI benefits and may be denied some or all of those benefits as a result of the challenged policy.

Plaintiff has met the second requirement of § 405(g), exhaustion of administrative remedies, by receiving a final decision from the Appeals Court and initiating this suit. In addition, waiver of this requirement seems appropriate for the class members under the *Heckler v. Ringer* analysis. In this case, the Secretary does not dispute the entitlement of the class to retroactive disability benefits. Rather, the disagreement is whether the benefits are to be SSI benefits or RSDI benefits. The class is defined prospectively, which ensures that, even if the class prevails, the Social Security Administration will have no greater liability than under current policy. Accord-

ingly, the claim the class is pursuing is collateral to their claim for benefits.

The class has also demonstrated that the Secretary fails to give class members the necessary information which would cause an appeal. The notice which informs the claimant of the calculation of retroactive SSI and its payment to the county welfare department does not tell the recipient that the Secretary has intentionally delayed calculation of retroactive RSDI. Nor does it state that if RSDI were awarded first, it would be paid free from any claims by the county welfare department. Once the retroactive SSI benefits are paid, the harm becomes irreparable because the reduction of retroactive RSDI to reflect the retroactive SSI is then proper. To require exhaustion of administrative remedies when the class members lack adequate notice to protect their interests is unreasonable. Moreover, given the prospective nature of the class, exhaustion of administrative remedies is unnecessary.[4]

Because waiver of the exhaustion requirement is appropriate, jurisdiction over the entire class exists under 42 U.S.C. § 405. Accordingly, plaintiff has demonstrated that the numerosity requirement of Fed.R.Civ.P. 23 is met. *See* Memorandum Opinion and Order dated November 8, 1985.[5] In addition, since jurisdiction is proper under 42 U.S.C. § 405, plaintiff's argument concerning mandamus jurisdiction need not be addressed.

## B. The Alleged Violations of the Social Security Act

Plaintiff contends that the Secretary's application of the offset provision of section 1127 of the Social Security Act, 42 U.S.C. § 1320a–6, to claims for SSI and

**4.** Waiver of the exhaustion requirement is also appropriate under the factors enumerated by the Eighth Circuit in *Mental Health Ass'n of Minnesota v. Heckler,* 720 F.2d 965 (8th Cir. 1983). Plaintiff's class has a strong interest in judicial review of the challenged policy at this juncture. Moreover, plaintiff alleges that defendant has taken a final erroneous position on a procedural issue. Plaintiff also contends that the Secretary's practices thwart the intention of Congress to protect RSDI benefits from the

claims of creditors, an established public policy. Under these circumstances, deference to the agency is unnecessary.

**5.** Apart from jurisdiction and numerosity, the government has not challenged any other aspects of class certification. For reasons already stated in the Memorandum Opinion and Order dated November 8, 1984, plaintiff's class satisfies the requirements of Fed.R.Civ.P. 23.

RSDI which are adjudicated concurrently is erroneous.[6] She argues that the express language of the offset provision demonstrates that the offset does not apply where entitlement to SSI and RSDI are adjudicated concurrently. Plaintiff maintains that the legislative history of the provision further bolsters this construction, for Congress intended that the two programs be coordinated and treated as a totality with benefits being considered, calculated and paid together.

Plaintiff acknowledges that the claims of the class members will be determined under the offset provision, as amended by the Deficit Reduction Act of 1984. Pub.L. No. 98–369, § 2615, 6A U.S.Code Cong. & Admin.News (98 Stat.) 1132 (1984) to be codified at 42 U.S.C. § 1320a–6.[7] The new

6. The version of section 1127 of the Social Security Act, 42 U.S.C. § 1320a–6, which applies to plaintiff provides as follows:

*Section 1127.* Notwithstanding any other provision of this Act, in any case where an individual—

(1) makes application for benefits under ... [Title II] and is subsequently determined to be entitled to those benefits, and

(2) was an individual with respect to whom supplemental security income benefits were paid under ... [Title XVI] (including State supplementary payments which were made under an agreement pursuant to section 212 of Public Law 93–66) for one or more months during the period beginning with the first month for which a benefit described in paragraph (1) is payable and ending with the month before the first month in which such benefit is paid pursuant to the application referred to in paragraph (1),

the benefits (described in paragraph (1)) which are otherwise retroactively payable to such individual for months in the period described in paragraph (2) shall be reduced by an amount equal to so much of such supplemental security income benefits (including State supplementary payments) described in paragraph (2) for such month or months as would not have been paid with respect to such individual or his eligible spouse if the individual had received the benefits under ... [title II] at the times they were regularly due during such period rather than retroactively; and from the amount of such reduction the Secretary shall reimburse the State on behalf of which such supplementary payments were made for the amount (if any) by which such State's expenditures on account of such supplementary payments for the period involved exceeded the expenditures which the State would have made (for such period) if the individual had received the benefits under title II at the times they were regularly due during such period rather than retroactively. An amount equal to the portion of such reduction remaining after reimbursement of the State under the preceding sentence shall be covered into the general fund of the Treasury.

7. The amended version of section 1127 of the Social Security Act reads:

\* \* \* \* \* \*

(a) Notwithstanding any other provision of this Act, in any case where an individual—

(1) is entitled to benefits under title II that were not paid in the months in which they were regularly due; and

(2) is an individual or eligible spouse eligible for supplemental security income benefits for one or more months in which the benefits referred to in clause (1) were regularly due, then any benefits under title II that were regularly due in such month or months, or supplemental security income benefits for such month or months, which are due but have not been paid to such individual or eligible spouse shall be reduced by an amount equal to so much of the supplemental security income benefits, whether or not paid retroactively, as would not have been paid or would not be paid with respect to such individual or spouse if he had received such benefits under title II in the month or months in which they were regularly due.

(b) For purposes of this section, the term "supplemental security income benefits" means benefits paid or payable by the Secretary under title XVI, including State supplementary payments under an agreement pursuant to section 1616(a) or an administration agreement under section 212(b) of Public Law 93–66.

(c) From the amount of the reduction made under subsection (a), the Secretary shall reimburse the State on behalf of which supplementary payments were made for the amount (if any) by which such State's expenditures on account of such supplementary payments for the month or months involved exceeded the expenditures which the State would have made (for such month or months) if the individual had received the benefits under title II at the times they were regularly due. An amount equal to the portion of such reduction remaining after reimbursement of the State under the preceding sentence shall be covered into the general fund of the Treasury.

(b) (sic) The amendment made by this section shall apply for purposes of reducing retroactive benefits under title II of the Social Security Act or retroactive supplemental security income benefits payable beginning with the seventh month following the month in which this Act is enacted; except that in the case of

language, which covers retroactive benefits paid after February 1, 1985, clearly applies to claims for SSI and RSDI which are adjudicated concurrently. Plaintiff contends that the amendment supports her claim that the previous version did not apply to concurrently adjudicated claims and that it enables the Secretary to avoid any windfall of benefits. She notes that her challenge to the Secretary's policy of the timing of benefit calculation is just as viable after the new amendment takes effect.

Plaintiff contends that the Secretary's policy conflicts with 42 U.S.C. § 407, which protects RSDI benefits from creditors, and 42 U.S.C. § 406, which allows the Secretary to certify attorney's fees for direct payment out of past-due RSDI benefits. She asserts that the Secretary's policy is not entitled to much deference since it is not based upon statutory or regulatory language.

The Secretary takes a different view. She argues that application of the previous version of the offset provision to concurrent claims is proper, despite the findings of three federal courts to the contrary. The Secretary contends that plaintiff has suffered no financial detriment and that without application of this offset provision, there would be a windfall if plaintiff's retroactive RSDI benefits were paid before the SSI payments. This occurs, she argues, because section 1611(c)(1) of the Act, 42 U.S.C. § 1382(c)(1), and 20 C.F.R. 416.-1123(a) dictate that retroactive RSDI benefits would count as income for SSI purposes *only* for the month in which they were received, and not for all prior months in the retroactive period. As further support of her policy, she notes that no negative response arose from Congress when the General Accounting Office issued a report in 1980 urging her to take such an approach, and that the amendment to the offset provision makes it clear that Congress intended the offset provision to apply in concurrent cases.

The Secretary also argues that application of the offset provision does not contravene 42 U.S.C. § 407, because the interim assistance provision, 42 U.S.C. § 1383(g), expressly recognizes that such a payment is not an assignment of benefits under § 407. She contends that plaintiff improperly assumes that the Secretary sent RSDI benefits to the State instead of the SSI benefits which were properly sent to avoid the "double-dipping" of state interim assistance and federal disability benefits.

In addition, the Secretary asserts that attorney's fees will not be limited by her policy since the amount of the fee is not based on the amount of retroactive benefits a claimant will receive. If the authorized fee exceeds the amount the Secretary can withhold—25% of the claimant's past due RSDI benefits—the attorney may collect the remainder of the fee from the claimant.

■ The language of the previous version of the offset provision refers to cases where a claimant for RSDI benefits is *subsequently* determined to be entitled to those benefits and "was" an individual to whom SSI benefits "were paid" for one or more months "during" the retroactive period. *See* 42 U.S.C. § 1320a–6. This language indicates that the provision was intended to apply only when SSI benefits were actually paid during the retroactive period as a result of an earlier adjudication. This court agrees with the three federal courts which have previously held that the offset provision does not apply in a concurrent case when SSI benefits are paid retroactively prior to RSDI benefits merely because they were calculated first. *See Burnett v. Secretary of Health & Human Services*, 563 F.Supp. 789, 792 (W.D.Ark. 1983), appeal docketed No. 83–1992–WA (8th Cir. July 25, 1983); *Carlisi v. Secretary of Health & Human Services*, 583 F.Supp. 135 (E.D.Mich.1984); *Booe v. Heckler*, No. IP 81–826–C (S.D.Ind. Jan. 23,

retroactive title II benefits other than those which result from a determination of entitlement following an application for benefits under title II following a period of suspension

of termination of such benefits, it shall apply when the Secretary of Health and Human Services determines that it is administratively feasible.

1984).[8] *Contra, Grace Gallo v. Heckler,* 600 F.Supp. 1513 (E.D.N.Y.1985). Since plaintiff's claims were adjudicated concurrently, the offset provision should not have been applied.

The class members' claims will be calculated under the amended version of the offset provision. This provision makes explicit the Secretary's authority to reduce retroactive SSI benefits by the amount of retroactive RSDI benefits already paid and eliminates the risk of a windfall. The amended version does not, however, authorize the Secretary to pay retroactive SSI benefits first. Nothing in the statutory language supports such an interpretation.

■ In addition, it is well-settled that two statutes should be interpreted, if possible, to give effect to each. *E.g., Watt v. Alaska,* 451 U.S. 259, 267, 101 S.Ct. 1673, 1678, 68 L.Ed.2d 80 (1981). The Secretary's policy of delaying payment of retroactive RSDI conflicts with 42 U.S.C. § 407.[9] This section has been interpreted to protect retroactive awards of RSDI benefits from claims by state welfare agencies for reimbursement of welfare paid while the recipient's application for RSDI was pending. *Philpott v. Essex County Welfare Board,* 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973). In response to the *Philpott* decision, Congress created an exception to § 407 by authorizing the Secretary to pay retroactive SSI benefits to county welfare departments for reimbursement of interim

assistance. 42 U.S.C. § 1383(g). Congress did not, however, amend Title II. RSDI benefits are still protected from claims by a state creditor. *See, e.g., Tidwell v. Schweiker,* 677 F.2d 560 (7th Cir.1982), *cert. denied,* 461 U.S. 905, 103 S.Ct. 1874, 76 L.Ed.2d 806 (1983); *Moore v. Colautti,* 483 F.Supp. 357 (E.D.Pa.1979), *aff'd,* 633 F.2d 210 (3d Cir.1980), held that Congress' different treatment of RSDI and SSI benefits was rational because RSDI is financed partly from the recipient's own past contributions.

By paying the SSI benefits first as though a claimant is not eligible for RSDI, the Secretary artificially transforms retroactive RSDI benefits into retroactive SSI benefits. These SSI benefits are then paid to the state, when they should have been protected as RSDI benefits under 42 U.S.C. § 407.

■ Besides depriving claimants of retroactive RSDI benefits in violation of 42 U.S.C. § 407, the Secretary's policy harms claimants by reducing the amount of past due benefits out of which attorney's fees can be withheld under 42 U.S.C. § 406(b).[10] In enacting 42 U.S.C. § 406, Congress intended to encourage lawyers to represent disability claimants. *See Dawson v. Finch,* 425 F.2d 1192 (5th Cir.1970), *cert. denied,* 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970). The Secretary's policy contravenes that effort.[11] For these reasons, the court

---

**8.** Although these cases considered the Secretary's policy in the context of attorney's fees, their analysis of the offset provision is directly applicable.

**9.** Section 407 provides broad protection to RSDI recipients:

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law. 42 U.S.C. § 407.

The protections of 42 U.S.C. § 407 were incorporated into the SSI program when that program was created by Congress in 1972. 42 U.S.C. § 1383(d)(1).

**10.** 42 U.S.C. § 406(b)(1) provides in pertinent part:

Whenever a court renders a judgment favorable to the claimant under the subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

**11.** The Secretary contends that private attorneys will still represent people like plaintiff and her class because they can recover their authorized fees directly from claimants if adequate funds have not been withheld. This contention ignores reality. Most of plaintiff's class are, by definition, totally disabled and destitute, living on approximately $199 per month. Under the

concludes that the Secretary's policy of delaying the calculation of RSDI benefits is contrary to the Social Security Act.

### C. The Alleged Violations of the Administrative Procedure Act

Plaintiff alleges that the Secretary has violated the APA, 5 U.S.C. § 553, *et seq.*, by issuing provisions of the Program Operations Manual System (POMS) §§ GN02610.005 and GN02610.045, without complying with the formal rule-making and publication requirements. Plaintiff claims that the challenged policies do not fit into any of the limited exceptions to the formal rule-making requirements since these policies are substantive, affecting individual rights and objections. In addition, plaintiff argues that publication in the Federal Register is required under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a), since the provisions contain interpretations of general applicability.

The Secretary, on the other hand, contends that the challenged POMS sections do not violate the APA. First, the Secretary contends that she is not barred by the Social Security Administration's 1971 "statement of policy" which voluntarily assumed the notice and comment procedures of the APA. 5 U.S.C. § 553(a)(2), which exempts from the rule-making requirements matters relating to "grants" or "benefits", would then apply she argues. Second, even if the court finds as a general rule that the Secretary must follow the notice and comment procedures of the APA, she maintains that 5 U.S.C. § 553(b)(A) exempts the POMS since they are staff instructions which do not change the law as does a substantive rule. Finally, the Secretary contends that the POMS do not violate the FOIA, for they are not interpretive rules of general applicability which change existing practice, but are staff instructions which have been available under the applicable section of the FOIA, 5 U.S.C. § 552(a)(2)(C).

The challenged POMS sections are clearly rules as defined in 5 U.S.C. § 551(4).[12] Unless specifically excepted by 5 U.S.C. §§ 553(a) or 553(b)(A)–(B), the POMS sections should have been promulgated with notice and an opportunity for public participation. The challenged provisions are not exempt from the rule-making requirements of the APA under § 553(a), however, even though they pertain to "grants" or "benefits".[13] The Secretary's attempt to retract the 1971 waiver is ineffective. *See Humana of South Carolina Inc. v. Califano,* 590 F.2d 1070, 1084 and n. 104 (D.C.Cir.1978), *affirming* 419 F.Supp. 253, 260 (D.D.C.1976); *Arlington Oil Mills Inc. v. Knebel,* 543 F.2d 1092, 1095 n. 6 (5th Cir.1976). Nor are the POM provisions exempt under § 553(b)(A) which excludes "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice...." 5 U.S.C. § 553(b)(A). An interpretive rule is one that simply explains and sets forth with greater specificity that which a statute already requires. *See, e.g., Gosman v. United States,* 573 F.2d 31, 39, 215 Ct.Cl. 617 (1978); *American Bancorp, Inc. v. Board of Governors of Federal Reserve System,* 509 F.2d 29, 34 (8th Cir.1974). The Secretary has conceded that these POMS provisions actually changed the way in which the Social Security Administration processes benefits. The prior practice was to pay retroactive RSDI benefits as soon as they were calculated. Such a change is substantive in nature. *See Levesque v.*

---

Secretary's policy, much of the claimant's retroactive benefits will go directly to the county welfare agency, leaving little money to pay legal bills.

**12.** This section defines a rule as:
the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the or-

ganization, procedure or practice requirements or an agency.... 5 U.S.C. § 551(4)

**13.** 5 U.S.C. § 553(a)(2) provides in pertinent part:
[T]his section applies ... except to the extent that there is involved—a matter relating to agency management or personnel or to public property, loans, grants, benefits or contracts.

*Block,* 723 F.2d 175 (1st Cir.1983) (Secretary of Agriculture concedes that the choice of an effective date, not contained in the statute, is a substantive rather than procedural rule.)

 Similarly, the challenged POMS provisions cannot be considered a general policy statement. A general policy statement does not establish a binding norm, but announces the agency's tentative intentions for the future. General policy statements must leave the administrator free to exercise informed discretion. *Ia. Power & Light Co. v. Burlington Northern, Inc.,* 647 F.2d 796, 811 (8th Cir.1981), *cert. denied,* 455 U.S. 907, 102 S.Ct. 1253, 71 L.Ed.2d 445 (1982); *Brown Exp., Inc. v. United States,* 607 F.2d 695, 701 (5th Cir. 1979); *Lewis-Mota v. Secretary of Labor,* 469 F.2d 478, 482 (2d Cir.1972).

 Finally, the POMS sections are not exempt as a "rule of agency organization, procedure, or practice." Such an internal agency rule is mainly directed toward improving the efficient and effective operation of an agency, rather than determining the rights or interests of affected parties. *See Batterton v. Marshall,* 648 F.2d 694 (D.C.Cir.1980). *See also Chrysler Corp. v. Brown,* 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979); *Emerson Elec. Co. v. Schlesinger,* 609 F.2d 898 (8th Cir.1979); *Morton v. Ruiz,* 415 U.S. 199, 232, 94 S.Ct. 1055, 1073, 39 L.Ed.2d 270 (1974); *Lewis-Mota v. Secretary of Labor,* 469 F.2d 478 (2d Cir.1972). The rule in question is not directed toward improving agency operations, and the POMS provisions should have been promulgated with notice and comment.

 The Secretary also should have published the POM sections in the Federal Register. The FOIA requires publication of "substantive rules of general applicability", "statements of general policy", or "interpretations of general applicability." 5 U.S.C. § 552(a)(1)(D). Federal courts have held that the FOIA requires publication of all administrative rules which have a "significant impact" on a segment of the pub-

lic. *See, e.g., Vigil v. Andrus,* 667 F.2d 931, 938 (10th Cir.1982); *Anderson v. Butz,* 550 F.2d 459, 463 (9th Cir.1977); *Dean v. Butz,* 428 F.Supp. 477, 480 (D.Hawaii 1977); *Lewis v. Weinberger,* 415 F.Supp. 652, 659 (D.N.M.1976). As discussed above, the Secretary's policy change has had a large impact on a significant number of people.

### ORDER

Accordingly, based upon the above, and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. Plaintiff's motion for class certification is granted. The class is defined as all persons residing in Minnesota whose applications for SSI and RSDI have been or will be adjudicated concurrently, and whose retroactive SSI benefits will be paid to the local welfare agency pursuant to an interim assistance agreement.

2. Plaintiff's motion for summary judgment is granted and the Secretary is enjoined from calculating and paying retroactive SSI benefits prior to calculating and paying retroactive RSDI benefits to any member of the class of persons plaintiff represents. The Secretary is further enjoined from deducting the SSI benefits to plaintiff McKenzie and paid to Hennepin County from her retroactive RSDI award.