**M. NOE, Plaintiff,**

v.

**METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY et al., Defendants.**

**Civ. A. No. C79–1434A.**

United States District Court, N. D. Georgia, Atlanta Division.

March 4, 1980.

Richard N. Hubert, Haas, Holland, Levison & Gibert, Atlanta, Ga., for plaintiff.

Ronald L. Reid, Alston, Miller & Gaines, David G. Russell, Kutak, Rock & Huie, Atlanta, Ga., for defendants.

Trudy Levy, Dept. of Transportation, Washington, D. C. and Curtis Anderson, Asst. U. S. Atty., Atlanta, Ga., for the government.

## ORDER

ROBERT H. HALL, District Judge.

The plaintiff, M. Noe, lives and maintains a bookshop in an apartment building on West Peachtree Street in Atlanta near a construction site for Atlanta's rapid transit system. Noe has brought this suit for declaratory and injunctive relief against the Metropolitan Atlanta Rapid Transit Authority (MARTA), the Secretary of the United States Department of Transportation and three construction companies involved in building the rapid rail transit system.

The plaintiff alleges in Count 1 of her complaint that MARTA in the construction of a rapid rail transit station has blocked access to Noe's business and that high noise levels at the construction site have further discouraged customers. Noe seeks to enjoin MARTA's acts which allegedly constitute a taking and damaging of private property for public use without compensation, in violation of the Constitution of Georgia. Ga. Const. Art. 1, § 3, ¶ 1; Ga.Code Ann. § 2–301.

In Count 2, Noe alleges that she is a third party beneficiary of express and implied contracts among MARTA, Fulton County, the State of Georgia, and the United States Department of Transportation. These contracts, plaintiff argues, require MARTA to abide by the environmental impact statement (EIS) which MARTA filed to comply with the National Environmental Protection Act of 1969 (NEPA). 42 U.S.C. § 4321 et seq. (1970). Because MARTA has breached its contracts by exceeding the noise levels stated in the EIS, Noe argues that the court should enjoin MARTA from further breach of contract and should award her money damages.

In Count 3 of the complaint, Noe alleges that because of MARTA's failure to abide by the noise levels stated in the EIS, MARTA has violated the National Environmental Protection Act. Noe argues that because of this violation, the Department of Transportation should be enjoined from giving any more federal monies to the MARTA construction program. Noe also alleges in Count 3 that MARTA has created a nuisance in the construction of the rapid rail transit station.

Now pending before the court is a motion by the defendant Secretary of Transportation to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted. Fed.R.Civ.P. 12(b).

The court finds that that portion of Count 3 alleging a violation of NEPA by MARTA and the Secretary of Transportation fails to state a claim for which relief can be granted. Count 3 of the complaint alleges specifically that MARTA has violated Sections 4321, 4331 and 4333 of Title 55 of the United States Code.[1] Neither Section 4321, 4331 nor 4333 of Title 42 requires compliance with the provisions of an environmental impact statement. Assuming that Noe is within the zone of interests protected by the National Environmental Policy Act of 1969 so that she has standing to enforce NEPA requirements, *Concerned About Trident v. Rumsfeld*, 180 U.S.App. D.C. 345, 350 Fn. 10, 555 F.2d 817, 822 Fn. 10 (D.C. Cir. 1977), the court can find no duty on the part of MARTA or the construction companies to abide by the environmental impact statement.

■ One court has stated that the purposes to be served by an environmental impact statement are to "provide decisionmakers with an environmental disclosure sufficiently detailed to aid in the substantive decision whether to proceed with the project in light of its environmental consequences" and to "provide the public with information on the environmental impact of a proposed project as well as [to] encourage public participation in the development of that information." *Trout Unlimited v. Morton*, 509 F.2d 1276, 1282 (9th Cir. 1974). The twin goals of requiring agency decision-makers to consider during the planning stage the environmental consequences of a proposed project and of informing the public about the environmental consequences of a proposed project have been met in this case. The environmental impact statement for the MARTA construction project has been approved. *Inman Park Restoration, Inc. v. Urban Transportation Administration*, 414 F.Supp. 99 (N.D.Ga.1976), *aff'd sub nom., Save Our Sycamore v. MARTA*,

576 F.2d 573 (5th Cir. 1978). The plaintiff has not pointed to any section of the National Environmental Protection Act which would require the defendants to abide by the particulars of the environmental impact statement. We refuse to imply both a duty and a cause of action. *See Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). Accordingly, the Secretary of Transportation owes no statutory duty to plaintiff. Noe has failed in this part of Count 3 to state a claim for which relief can be granted. Fed.R.Civ.P. 12(b)(6).

■ Plaintiff's remaining claims are in Count 1 for violation of the Georgia Constitution, in Count 2 for breach of contract and in Count 3 for nuisance. These claims are all based upon state law. None of plaintiff's jurisdictional allegations is sufficient to support subject matter jurisdiction of these remaining state law claims.

■ Section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701-706, provides no new grant of jurisdiction but addresses itself solely to the scope of judicial review of administrative action. *Califano v. Sanders*, 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). Similarly, the declaratory judgment statute, 28 U.S.C. §§ 2201 and 2202, has nothing to do with jurisdiction but addresses itself solely to remedy. *Skelly Oil Co. v. Phillips Petroleum Co., Inc.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). The mandamus statute, 28 U.S.C. § 1361, confers jurisdiction on federal courts of actions to compel federal officers to perform a duty owed plaintiff. This statute can afford plaintiff no basis of subject matter jurisdiction since the court has earlier ruled that the Secretary of Transportation owes plaintiff no duty.

■ Plaintiff's reliance for subject matter jurisdiction on 28 U.S.C. § 1343(3) is also misplaced. That statute was primarily

---

1. There is no Title 55 in the United States Code. The National Environmental Policy Act (NEPA) is located in Title 42 of the United States Code; however, the court will consider the complaint as though the correct citation had been given.

intended by Congress to confer jurisdiction for "cases dealing with racial equality," and the Supreme Court has refused to read the jurisdictional provision "to encompass new claims which fall well outside the common understanding" of the term "equal rights of citizens." *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979). Because the National Environmental Policy Act of 1969 cannot be read as part of any congressional concern for the equal rights of citizens, 28 U.S.C. § 1343(3) cannot be the foundation for subject matter jurisdiction of this court over plaintiff's remaining claims.

Plaintiff has also alleged jurisdiction because her claims "arise under" federal law. 28 U.S.C. § 1331(a). This jurisdictional allegation cannot apply to the claimed violation of the state constitution or to creation of a nuisance. Plaintiff's remaining claim is as a third party beneficiary of contracts which allegedly promise compliance with the EIS. Plaintiff's status as a third party beneficiary is a matter of state law; federal law is not central to the claim but merely tangential. *Hines v. Cenla Community Action Committee*, 474 F.2d 1052 (5th Cir. 1973). No "arising under" jurisdiction exists for this case.

Plaintiff's complaint in Count 3 fails to state a claim for relief; the court lacks subject matter jurisdiction of the remaining counts. The complaint is DISMISSED.

So ORDERED this 4th day of March, 1980.