Antoinette GOFFREDO, Appellant
(Respondent Below),

v.

**INDIANA STATE DEPARTMENT OF
PUBLIC WELFARE, Appellee
(Petitioner Below).**

No. 2–1180A390.

Court of Appeals of Indiana,
First District.

May 11, 1981.

Rehearing Denied June 10, 1981.

Ethel Belle to Choate, Indianapolis, for appellant (respondent below).

Linley E. Pearson, Atty. Gen., Gary Brock, Deputy Atty. Gen., Indianapolis, for appellee (petitioner below).

ROBERTSON, Judge.

Respondent-appellant Goffredo, an employee of the petitioner-appellee Department of Public Welfare (D.P.W.) was transferred from being a hearing officer to that of in-house counsel in the D.P.W. The second position had different work requirements and responsibilities, but was of the same status, classification, and salary as her original position. Goffredo contested the transfer by initiating proceedings with the State Employee's Appeal Commission (Commission). The Commission found that Goffredo was transferred for punitive reasons and directed Goffredo returned to her origi-

nal position. The D.P.W. sought judicial review of the Commission's decision and the trial court reversed the decision of the Commission.

Goffredo now appeals, raising these issues:

1. Whether the trial court erred by failing to conform to the statutory requirements governing review;

2. Whether the trial court erred in failing to make findings of fact; and

3. Whether the trial court erred by overruling Goffredo's motion to dismiss or strike.

We affirm.

### ISSUE I

Goffredo argues that the trial court's decision violates *Ind.Code* 4–22–1–18 because the proscribed functions of weighing the evidence occurred during judicial review. The administrative determinations of an agency may be found erroneous under five circumstances. IC 4–22–1–18 provides:

On such judicial review such court shall not try or determine said cause *de novo*, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act [4–22–1–1—4–22–1–30].

On such judicial review, if the agency has complied with the procedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence, such agency's finding, decision or determination shall not be set aside or disturbed.

If such court finds such finding, decision or determination of such agency is:

1. Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

2. Contrary to constitutional right, power, privilege or immunity; or

3. In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

4. Without observance of procedure required by law; or

5. Unsupported by substantial evidence, the court may order the decision or determination of the agency set aside.

The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.

Said court in affirming or setting aside the decision or determination of the agency shall enter its written findings of facts, which may be informal but which shall encompass the relevant facts shown by the record and enter of record its written decision and order or judgment.

■ The essence of Goffredo's argument is that the trial court cannot determine the facts *de novo* and can only consider the facts set forth in the record compiled by the administrative agency. Furthermore, upon judicial review the court cannot reweigh the evidence or judge the credibility of witnesses, such that the reviewing court is limited to only determining whether there exists substantial evidence to support the findings of the agency. Goffredo's argument is correct in so far as it pertains to a factual review of an agency determination, but it is incorrect as it applies to a question of law. In *Public Service Commission v. City of Indianapolis*, (1955) 235 Ind. 70, 131 N.E.2d 308, the supreme court stated:

Under a strictly judicial review to which we are limited here, in addition to determining whether or not the order of the Commission is supported by substantial evidence, there is another matter in which the court may always properly inquire, and that is the question whether or not the order is contrary to law.

The trial court determined that the Commission's decision was contrary to law, and was properly within the scope of judicial review.

■ The trial court examined *Ind.Code* 4–15–2–24 and found that it precluded Goffredo from instituting her action before the Commission because she was laterally transferred and not demoted. Goffredo has argued that this finding is contrary to the finding by the Commission, and therefore, the trial court has reweighed the evidence. The Commission's finding was incorrect as a matter of law because the record clearly demonstrates that Goffredo's second posi-

tion was of the same status, classification, and salary. Although the job had different responsibilities, it was not a demotion and therefore, the D.P.W. was protected by IC 4–15–2–24.

## ISSUE II

■ Goffredo raises as her second error that the trial court failed to make findings of fact. Goffredo correctly points out that IC 4–22–1–18 requires the reviewing court to make written findings of fact. This section also provides that the findings "may be informal but which shall encompass the relevant facts shown by the record". Goffredo argues that the findings entered by the trial court are overly broad and do not encompass the relevant facts.

Although the findings of fact entered by the trial court are poorly drafted, we do not believe that reversal is required. The supreme court, in *Salk v. Weinraub* (1979) Ind., 390 N.E.2d 995, stated:

> As a general rule, the requirement of "special findings of fact" or the "relevant facts shown by the record" is taken to mean all the facts necessary for a judgment for the party in whose favor the conclusions of law are rendered. However the trial court need not recite the evidence in detail so long as the ultimate facts found are stated in the findings. (Citations omitted.)

The trial court found that the Commission's order was contrary to law because this was a lateral transfer. The findings entered by the trial court contained the necessary facts to support the conclusions of law, and therefore, the judgment is not wanting for specific findings of fact.

## ISSUE III

The third alleged error Goffredo presents is that the trial court incorrectly overruled her motion to dismiss or motion to strike the D.P.W.'s petition for judicial review. Goffredo argues that the trial court lacked jurisdiction to review the Commission's order because the D.P.W. was not a person or party aggrieved by the Commission's order and that the D.P.W. was bound by the Commission's order. The D.P.W. asserts it

was a person or party aggrieved by the Commission's order and, that it had standing to pursue judicial review because the Commission's order hindered the D.P.W.'s ability to effectively and efficiently utilize its personnel. Goffredo asserts that there is no evidence in the record made by the Commission to support this contention. The record, however, contains substantial evidence demonstrating that Goffredo possessed the superior skills and abilities necessary to assume the duties of the policy and planning position to which she was transferred.

■ Goffredo argues that the D.P.W.'s petition for judicial review should have been dismissed because of the language of *Ind.Code* 4–15–2–35. This section provides that the Commission's order is binding on the D.P.W. and consequently, they could not seek judicial review. While we reserve comment on the correctness of Goffredo's assertion in regards to evidentiary findings, we believe that the language of IC 4–15–2–35 does not preclude judicial review by an agency when it challenges the Commission's decision as being incorrect as a matter of law or beyond the jurisdiction of the Commission. The provisions of IC 4–22–1–18 allow judicial review of agency determinations which are contrary to law, and the trial court properly reviewed the Commission's order.

The judgment is affirmed.

NEAL, P. J. and RATLIFF, J., concur.