**Michael G. ZAHARAKIS,
Plaintiff-Appellant,**

v.

**Margaret HECKLER, Secretary of
Health & Human Services,
Defendant-Appellee.**

No. 84–1701.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 1984.

Decided Oct. 4, 1984.

Moiece Palladino, San Francisco, Cal., for plaintiff-appellant.

Gwenda Jones Kelley, HHS Office, Baltimore, Md., Jerry Bassett, San Francisco, Cal., for defendant-appellee.

Before HUG, TANG and FARRIS, Circuit Judges.

TANG, Circuit Judge:

Michael Zaharakis, a terminally-ill leukemia patient, seeks to enjoin the Secretary's use of Retrospective Monthly Accounting in the calculation of Supplemental Security Income benefits. Alternatively, he seeks to enjoin the use of the second preceding month as the budget month within that system. All injunctive relief was denied in the district court. We affirm.

Zaharakis first received SSI benefits in February, 1984. The first and second payments, however, were reduced by the amount of benefits he had received two months earlier under the Aid to Families with Dependent Children program. This reduction occurred pursuant to the Secretary's use of Retrospective Monthly Accounting (RMA) under which monthly SSI payments are calculated with adjustments made for additional income received in the

second preceding month.[1]  Zaharakis raises several challenges to this calculation system.

■  First, he claims that the system violates the equal protection clause of the Constitution by discriminating against terminally-ill recipients.  He alleges that terminally-ill recipients, unlike nonterminally-ill recipients, will not have a recoupment opportunity for underpayments occurring in the first two months on the SSI program.  We conclude, however, that even if the RMA system creates such a classification, its use does not violate equal protection guarantees of the Constitution.  Congress adopted the RMA system to eliminate administrative errors inherent in the prospective accounting system which preceded it.  By adopting the RMA system, Congress sought to reduce the overpayments which resulted from incorrect income predictions under the prospective accounting system.  Such errors totaled approximately $185 million between October 1979 and March 1980.  Moreover, such errors burdened SSI recipients who were later called upon to repay the excess benefits paid to them in error.  S.Rep. No. 97–139, *reprinted in* 1981 U.S.Code Cong. & Ad. News 396, 791.  Thus, to the extent the adoption of the RMA system creates a classification, its use is rationally related to a legitimate government objective.  *Sims v. Harris*, 607 F.2d 1253, 1257 (9th Cir.1979) (differences in eligibility tests among widows, surviving divorced wives, and widowers for social security benefits rationally related to fiscal concern of adding new class of beneficiaries).

■  Zaharakis next claims that the RMA system is invalid because it was implemented without full compliance with the Administrative Procedure Act.  This contention is meritless because the Secretary had no choice but to implement the mandated, self-executing RMA system.  Just as regulations cannot be promulgated in disregard of statutory commands, *United States v. Larionoff*, 431 U.S. 864, 873, 97 S.Ct. 2150, 2156, 53 L.Ed.2d 48 (1977); *Pacific Gas & Electric Co. v. United States*, 664 F.2d 1133, 1136 (9th Cir.1981), an agency's failure to act cannot undermine or supersede explicit congressional requirements.  Here, Congress has mandated by statute a particular accounting system whose legality is not contingent on the promulgation of implementing regulations.  Congress mandated the use of retrospective monthly accounting in 42 U.S.C. § 1382(c)(1) and, as the district court concluded, such a mandate is self-executing.

■  Zaharakis next argues that the Secretary's decision to utilize the second preceding month instead of the first preceding month for the calculation of benefits is void absent compliance with the Administrative Procedure Act's publication requirements.  Under the Act, an agency's substantive rules must meet certain notice and publication requirements before final implementation.  5 U.S.C. § 553.  Interpretive rules, however, are not subject to the Act's strict implementation requirements.  § 553(d)(2).  Unlike legislative rules, which "grant rights, impose obligations, or produce other significant effects on private interests," *Batterton v. Marshall*, 648 F.2d 694, 701–02 (D.C.Cir.1980), interpretive rules merely "express the agency's intended course of action, its tentative view of the meaning of a particular statutory term, or internal house-keeping measures organizing agency activities."  *Id.* at 702.  *See also Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 908–13 (5th Cir.1983) (change in Environmental Protection Agency's meth-

---

**1.** 42 U.S.C. § 1382

(c) Retrospective accounting; relevant considerations; effective date of application; waiver of limitations

(1) An individual's eligibility for a benefit under this subchapter for a month shall be determined on the basis of the individual's (and eligible spouse's, if any) income, resources, and other relevant characteristics in such month, and, ex-

cept as provided in paragraphs (2), (3), and (4) the amount of such benefit shall be determined for such month on the basis of income and other characteristics in the first or, if the Secretary so determines, second month preceding such month.  Eligibility for and the amount of such benefits shall be redetermined at such time or times as may be provided by the Secretary.

odology for defining "wetlands" not a substantive rule); Mezines, Stein and Gruff, *Administrative Law,* § 15.07[3] (1984) ("Unlike a substantive rule, which sets out rights and obligations, an interpretive rule merely advises the public of a statute's meaning or the manner in which it is to be applied."). We conclude that the Secretary's decision to utilize the second preceding month is an interpretative rule outside the strict publication requirements of the Administrative Procedure Act. The statute, 42 U.S.C. § 1382(c)(1), expressly leaves the selection of either the first or second preceding month to the Secretary's discretion. Under the statute, the Secretary is instructed to calculate monthly SSI benefits based on a recipient's income "in the first or, if the Secretary so determines, second month preceding such month." The Secretary's decision constitutes the exercise of a limited option which the statute itself gives to the Secretary. Under these circumstances, we cannot characterize the selection of the second preceding month as a substantive or legislative rule.

Finally, Zaharakis contends that the use of the second preceding month as the budgeting month violates the publication requirements of the Freedom of Information Act. Under the Act, agencies must publish in the Federal Register "substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency ..." 5 U.S.C. § 552(a)(1)(D). We need not reach the issue of whether the Secretary's use of the second preceding month falls within one of these categories because the appellant has failed to make an initial showing that he was adversely affected by the lack of publication. "[T]he requirement for publication attaches only to matters which if not published would adversely affect a member of the public." *Hogg v. United States,* 428 F.2d 274, 280 (6th Cir.1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 805 (1971). *See also Chevron Oil Co. v. Andrus,* 588 F.2d 1383, 1388 n. 8 (5th Cir.), *cert. denied,* 444 U.S. 879, 100 S.Ct. 167, 62 L.Ed.2d 108 (1979). The appellant does not allege that

he was adversely affected by a lack of publication or that he would have been able to pursue an alternative course of conduct had the Secretary's decision to use the second month been published. Under these circumstances, we cannot conclude that the Secretary's use of second-month budgeting is invalid. *Donovan v. Wollaston Alloys, Inc.,* 695 F.2d 1, 9–10 (1st Cir.1982). Moreover, we note that the Secretary has already undertaken steps to publicize the use of second-month budgeting, including publication in the Federal Register. 46 Fed. Reg. 53449 (1981).

AFFIRMED.