Dorothy M. BROW

v.

**SECRETARY OF HEALTH & HUMAN SERVICES.**

Civ. A. No. 85–103.

United States District Court, D. Vermont.

Feb. 11, 1986.

John M. Hall, Vermont Sr. Citizens Law Project, Vermont Legal Aid, Inc., St. Johnsbury, Vt., for plaintiff.

Christopher B. Baril, Asst. U.S. Atty., U.S. Atty's. Office, Rutland, Vt., for defendant.

OPINION AND ORDER

BILLINGS, District Judge.

Plaintiff Dorothy M. Brow ("plaintiff") has brought this action seeking a reversal of the decision by the Secretary of Health and Human Services ("Secretary") that plaintiff was not entitled to Supplemental Security Income for the period March 2–31, 1984. On November 1, 1985, plaintiff filed a motion for summary judgment. The Secretary responded on December 20, 1985 by filing a motion for an order affirming the decision of the Secretary. Jurisdiction properly lies with this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) (1983). For the following reasons, plaintiff's motion is granted and defendant's motion is denied.

## I. FACTS

The facts underlying this action are not in dispute. Plaintiff is a recipient of Supplemental Security Income (SSI) benefits. On March 29, 1984 plaintiff submitted a statement to the Social Security Administration reporting the receipt in January, 1984 of an inheritance in the amount of $3,000.00.

To maintain eligibility for SSI benefits, an individual claimant's resources must not exceed $1,500.00. 42 U.S.C. § 1382(a)(1)(B) (1983). In 1982, Congress amended 42 U.S.C. § 1382(c)(1) to provide that an individual's eligibility to receive SSI benefit, based upon his or her resources and other criteria, would be determined on a monthly, rather than a quarterly, basis.[1] Pursuant to these two statutory provisions, the Social Security Administration notified plaintiff that she had been overpaid $585.00 in SSI benefits because her resources exceeded $1,500.00 during the months January through March, 1984. Plaintiff did not dispute the overpayment for January and February, 1984, but challenged the overpayment determination for that portion pertaining to the period of March 2 through March 31. She maintained that she had "spent down" her excess resources below the $1,500 resource eligibility limit as of March 2, 1984. The Secretary did not then, nor does he now, dispute the fact that as of March 2, 1984 plaintiff's resources were below the eligibility limit.[2]

The Social Security Administration denied plaintiff's request for a reconsideration of the March overpayment determination. After conducting a de novo hearing, the Administrative Law Judge ("ALJ") found that the plaintiff's overpayment included the month of March 1984. The ALJ based his decision on the internal Program Operations Manual System ("POMS") § 01150.005.

It is undisputed that prior to April 1, 1982, POMS § 01150.005(C) [3] provided for a pro-rata determination of benefits eligibility, allowing a beneficiary to continue receiving benefits for that portion of a given month during which an individual's resources are below the allowable limit.

As of April 1, 1982, the Secretary amended § 01150.005. The new directive read:

Effective April 1, 1982, resource eligibility determinations are made only as of the first moment of the first day of each month. If an individual/couple is ineligible at the beginning of a month, changes in countable resources during the month never affect eligibility for that month. Therefore, in determining eligibility with respect to resources, look only at the amount of countable resources on the first day of the month. If the individual's/couple's countable resources exceed the allowable resource limit on the first moment of a month, the individual/couple is ineligible for as long as the excess resources are retained and through the month the individual's/couple's resources are reduced to within the statutory limit.

POMS § 01150.005(E).

The new provision thus created a "first day of the month" rule for determining continuing eligibility under the statutory

---

1. 42 U.S.C. § 1382(c)(1) (1983) states:

   An individual's eligibility for a benefit under this subchapter for a month shall be determined on the basis of the individual's ... income, resources, and other relevant characteristics in such month.

2. The parties dispute the amount of plaintiff's resources on March 1, 1984. The exact level of resources is immaterial, however; both sides agree that plaintiff's resources were above the statutory limit on March 1, 1984 and under the limit as of March 2, 1984.

3. This directive stated:

   C. Continuing Eligibility

   If an individual/couple is eligible at the beginning of a quarter, changes in countable resources during that quarter never affect eligibility for that quarter unless the resource limit changes because of a change in marital status. If the individual's countable resources exceed the allowable resource limit on the first day of a quarter, he is ineligible so long as the excess resources are retained. If the individual's countable resources subsequently meet the allowable limit, he/she may again be eligible beginning with the month countable resources are within the limitation even if the month is the same month in which he first became ineligible.

   POMS § 00150.005(C)

resource limits. The ALJ held that the Secretary was entitled to determine the claimant's eligibility for the month of March based upon POMS § 01150.005(E), as amended.

The Appeals Council approved the decision of the ALJ on February 19, 1985, rendering it the final decision of the Secretary and subject to review by this Court.

## II. ISSUES

Defendant Secretary contends that the issue before this Court is whether there is substantial evidence in the record to support the Secretary's decision that plaintiff exceeded the resource limitation for March 1984. According to the plaintiff, the issue is whether the Secretary's decision denying plaintiff's eligibility for March 2–31, 1984 was made in violation of law. Specifically, plaintiff presents two challenges to the Secretary's reliance upon section 01150.005 of POMS to deny plaintiff's eligibility for the entire month based upon a resource determination on the first of the month. Plaintiff alleges that POMS § 01150.005 is contrary to the plain-meaning and intent of the law, and that the challenged provision of POMS was promulgated in violation of the notice and comment requirements of the Administrative Procedure Act (APA). Thus, the issues before this Court are: (1) the Court's scope of review in any action such as this; and (2) whether the application of POMS § 01150.005 to plaintiff was improper under the law. These issues are discussed *seriatim*.

## III. SCOPE OF REVIEW

■ The Secretary's contention that this Court is limited in its review to a determination of whether the findings of Secretary are supported by substantial evidence is derived from 42 U.S.C. § 405(g) (1983). This statute provides, *inter alia*, that the district court "shall have power to enter ... a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." As the Secretary points out, § 405(g) states that the Court should uphold the findings of the Secretary "if supported by substantial evidence." This lat-

ter provision is triggered, however, where the question before the court is one of fact. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984). As stated above, the facts in the present case are not in dispute, and the plaintiff maintains that the Secretary's decision denying plaintiff's eligibility for benefits for the entire month of March 1984 should be reversed as a matter of law. Nothing within § 405(g) confines the Court to reviewing all questions before it under the "substantial evidence" standard urged upon us by defendant. To the contrary, the statute on its face clearly grants the district court power to reverse the Secretary's decision on matters such as those presently at issue, which involve questions of law. *Id.*

The district court's scope of review of an agency's action, such as that presently at issue, is further fleshed out in 5 U.S.C. § 706 (1977). *See Noe v. Metropolitan Atlanta Rapid Transit Authority*, 485 F.Supp. 501, 504 (N.D.Ga.1980), *aff'd* 644 F.2d 434 (5th Cir.), *cert. denied* 454 U.S. 1126, 102 S.Ct. 977, 71 L.Ed.2d 114 (1981). Section 706 provides that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.

More pertinently, under § 706 the reviewing court is directed to:

> hold unlawful and set aside agency action, findings and conclusions found to be ... in excess of statutory jurisdiction, authority or limitations, or short of statutory right; [or] without observance of procedure required by law.

5 U.S.C. § 706(2)(C) and (D).

Thus, the court is well within its statutory scope of review in determining whether the Secretary's decision denying plaintiff benefits for March 2–31, 1984 was based on a POMS provision promulgated in violation of law.

## IV. POMS AND ALLEGED VIOLATION UNDER THE ADMINISTRATIVE PROCEDURE ACT

■ Plaintiff alleges that § 01150.005 of POMS, under which the Secretary denied plaintiff's eligibility for benefits for March 2–31, 1984, was promulgated in violation of the Social Security Act and the APA. The Secretary counters that the "first-day" directive is in conformity with the Social Security Act, and is exempt from the notice and comment provisions of the APA as an "interpretative" rule. While it may be that the POMS provision at issue was promulgated in violation of the Social Security Act[4] as well as other statutes [5], the merits of these arguments need not be reached here. This Court finds adequate grounds under the APA for reversing the Secretary's decision as it applies to plaintiff's March 2–31, 1984 benefits.

■ The POMS "first-day" directive, upon which the Secretary's decision was based, is clearly a rule within the meaning of 5 U.S.C. § 551(4) (1977).[6] Therefore, unless it is specifically exempted under 5 U.S.C. § 553(a) or 553(b)(A)–(B) (1977), the POMS directive should have been promulgated pursuant to the notice and comment provisions of 5 U.S.C. § 553. These provisions require (1) advance publication in the Federal Register of the proposed rule or its substance; (2) opportunity for public participation through submission of written comments and (3) publication of the final rule, incorporating a concise statement of its basis and purpose, thirty days before its effective date. *Batterton v. Marshall,* 648 F.2d 694, 700 (D.C.Cir.1980).

The "first day" directive, like all other enunciations in the internal POMS manual, were not promulgated under the notice and comment provisions of 5 U.S.C. § 553. *See Schweiker v. Hansen,* 450 U.S. 785, 789, 101 S.Ct. 1468, 1471, 67 L.Ed.2d 685 (1981); *Crowe v. Heckler,* 614 F.Supp. 1389, 1395 (D.Vt.1985). The present issue thus devolves to whether the POMS "first day" directive is exempt from the APA's notice and comment provisions.

As a preliminary matter it is noted that the Secretary is not generally exempt from the APA's rule-making procedures. Section 553(a) contains a provision that would ordinarily exempt the Secretary from the APA:

This section applies according to the provisions thereof, except to the extent there is involved—....

(2) a matter relating to agency management or personnel or to ... grants [or] benefits ...

5 U.S.C. § 553(a)(2). Despite this general statutory exemption, the Secretary elected to abide by the rule-making provisions of the APA. *See* Statement of Policy, 45 Fed. Reg. 2532 (1971); *Humana of South Carolina, Inc., v. Califano,* 590 F.2d 1070, 1084 and n. 104 (D.C.Cir.1978); *Herron v. Heckler,* 576 F.Supp. 218, 119 (N.D.Cal. 1983).

---

4. Plaintiff contends that the "first-day" rule of POMS § 01150.005, as amended effective April 2, 1982, is contrary to the plain-meaning and intent of the Social Security Act. Citing 42 U.S.C. § 1382(a)(1)(B), *supra,* and federal regulations promulgated thereunder, *see, e.g.,* 20 C.F.R. §§ 416.1201(a)–(b) and 416.1205(a); *see also* 20 C.F.R. §§ 16.1324, plaintiff argues that there is no authority for the POMS presumption that resources are available to an individual for support and maintenance for an entire month, despite the fact that those funds may have been expended after the first day of the month.

The Court sees no need to reach the merits of this argument, since there is an adequate ground for reversing the Secretary's decision under the APA.

5. Similarly, the POMS provision at issue herein may have been promulgated in violation of the Freedom of Information Act, 5 U.S.C. § 552(a). *See McKenzie v. Heckler,* 602 F.Supp. 1150, 1160 (D.Minn.1985); *Herron v. Heckler,* 576 F.Supp. 218, 232–233 (N.D.Cal.1983).

It is not clear that plaintiff presents this argument on appeal. In any case, as already stated, there are other adequate grounds for reversing the Secretary's decision.

6. This section defines a "rule" as:

the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret or prescribe law or policy or describing the organization, procedure or practice requirement of an agency.

5 U.S.C. § 551(4). The parties do not dispute the fact that the POMS "first-day" directive is a rule within the meaning of § 551(4).

The Secretary does not argue that he is generally exempt from requirements of the APA under 5 U.S.C. § 553(a)(2). Instead, the Secretary contends on this appeal that the POMS "first-day" directive is exempt from the APA's notice and comment requirements under 5 U.S.C. § 553(b)(A) because it is an "interpretative rule."

The Court of Appeals for the Second Circuit has established some guidelines for determining whether a rule is "substantive" and therefore subject to the notice and comment requirements, or "interpretative" and therefore exempt from these requirements. According to the Second Circuit, the court is to make its determination on the basis of what the agency in question has done in the particular case at hand, rather than on the basis of labels the agency puts upon its given exercise of administrative power. *See Lewis-Mota v. Secretary of Labor,* 469 F.2d 478, 481–82 (2d Cir.1972). The Second Circuit rule of law for distinguishing "substantive" from "interpretative" rules is as follows: substantive rules change "existing rights and obligations," and only rules that do not change "existing rights and obligations" are to be considered interpretative. *See Donovan v. Red Star Marine Services, Inc.,* 739 F.2d 774 (2d Cir.1984); *Viacom Int'l Inc., v. FCC,* 672 F.2d 1034, 1042 (2d Cir.1982); *Noel v. Chapman,* 508 F.2d 1023, 1030 (2d Cir.), *cert. denied* 423 U.S. 824, 96 S.Ct. 37, 46 L.Ed.2d 40 (1975); *Lewis-Mota v. Secretary of Labor, supra* at 482 (employing a "substantive impact" test); *Aluminum Company of America v. FTC.,* 589 F.Supp. 169, 178 (S.D.N.Y.1984). The Court of Appeals for the District of Columbia has established a somewhat clearer rule for distinguishing "substantive" and "interpretative" rules:

An interpretative rule serves an advisory function explaining the meaning given by the agency to a particular word or phrase in a statute or rule it administers. As this court explained in *Gibson Wine Co. v. Snyder,* 194 F.2d 329 (D.C.Cir. 1952):

An interpretative rule is one which does not have the full force and effect of a substantive rule but which is in the form of an explanation of particular terms in an Act. If you had an expression in a statute such as "Interurban Railway," the query might come up as to what is an "interurban railway." A particular agency may adopt a rule defining an interurban railway. That, in a sense, may be called an interpretative rule.

*Batterton v. Marshall,* 648 F.2d 694, 705 (D.C.Cir.1980); *See also Gosman v. United States,* 573 F.2d 31, 39, 215 Ct.Cl. 617 (1978), and cases cited therein.

The POMS "first-day" directive is not an "interpretative" rule under either test. According to the POMS directive, claimants such as plaintiff are no longer eligible to receive SSI benefits on a pro-rata basis. That is, under POMS § 01150.005(E), claimants who are over the resource limit on the first day of the month but under the limit for the remainder of the month are ineligible for benefits for the entire month, even though they would have been eligible for some or most of the month's benefits under the previous POMS directive. The existing right of claimants such as plaintiff to continue receiving benefits on a pro-rata basis was clearly changed by the promulgation of the POMS "first-day" directive. Although involving only a small sum of money, this change has had a substantial impact on low income people like plaintiff who are financially dependent upon SSI benefits. Moreover, the "first-day" directive is not in any way merely explanatory of a particular word or phrase within a statute or rule. 42 U.S.C. § 1382(a)(1)(B), *supra* at n. 1, states that eligibility shall be determined on a monthly basis; the "first-day" directive is not merely explanatory of this statute nor any of the other statutes or regulations cited by either party.

Two recent decisions are in accord with the conclusion that POMS provisions like the "first-day" directive are substantive, and not interpretative, rules and are therefore subject to the requirements of the APA. In *McKenzie v. Heckler,* 602 F.Supp. 1150 (D.Minn.1985), the district court held, among other things, that POMS

§§ GN02610.005 and GN02610.045 were issued in violation of the notice and comment provisions of the APA. These POMS sections required the Social Security Administration to postpone calculating and paying retroactive disability benefits until after retroactive SSI benefits were paid. 602 F.Supp. at 1153. The prior practice had been to pay the retroactive disability benefits as soon as they were calculated. *Id.* at 1159. The *McKenzie* court held that the POMS provisions in question substantively changed the way in which the Social Security Administration processed benefits, and that therefore these provisions were substantive rather than interpretative rules. *Id.* at 1159–1160.

Similarly, in *Herron v. Heckler*, 576 F.Supp. 218 (N.D.Cal.1983), the court held that staff instructions contained within the Social Security Administration's claims manual (the predecessor of POMS) were void and unenforceable as applied to the plaintiff for failure to comply with the notice and comment provisions of the APA. The provisions in question required the inclusion of certain non-home equity limitations within the $1,500 resource limit computation for SSI benefit eligibility mandated by 42 U.S.C. § 1382(a)(1)(B). The court held that the claims manual provisions were substantive rather than interpretative rules, and therefore subject to the requirements of the APA:

> [The claims manual limitations] do not simply set forth the Secretary's opinion as to what the governing statute and regulations "mean"; they create precise, objective limitations where none existed before. The claims manual provisions contain language not found in the governing statute and regulations.

576 F.Supp. at 231.

The case law cited by the Secretary in support of the proposition that the POMS "first-day" directive is an "interpretative" rule is wholly unpersuasive. For instance, in *Zaharakis v. Heckler*, 744 F.2d 711 (9th Cir.1984), plaintiffs challenged the Secretary's decision to calculate SSI benefits on the basis of income from the second month preceeding the month in which eligibility for SSI benefits is established. Unlike the Secretary's decision on review in the present case, however, the Secretary's decision in *Zaharakis* constituted the "exercise of a limited option" expressly authorized by 42 U.S.C. § 1382(c)(1), and for that reason alone was held to be an interpretative rule. *See* 744 F.2d at 713. In the other cases cited by the Secretary, *Mathews v. Lucas*, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976) and *Califano v. Jobst*, 434 U.S. 47, 98 S.Ct. 95, 54 L.Ed.2d 228 (1977), the APA was not at issue. In both these cases the Court upheld specific statutory provisions of the Social Security Act in the face of challenges under the due process clause of the fifth amendment. *See* 427 U.S. at 507–516, 96 S.Ct. at 2763–2767; 434 U.S. at 50–58, 98 S.Ct. at 97–101.

In sum, the Secretary was required to follow the notice and comment provisions of the APA before promulgating the POMS "first-day" directive presently at issue. His failure to comply with the APA renders the challenged provisions as applied to this plaintiff void and unenforceable.

## ORDER

Plaintiff's motion for summary judgment is GRANTED, and defendant's motion for an order affirming the decision of the Secretary is DENIED. The Secretary's determination that plaintiff was ineligible to receive benefits for the period January through March, 1984 is hereby REVERSED IN PART. This case is remanded to the Secretary for the sole purpose of recalculation of plaintiff's overpayment in accordance with this decision.

SO ORDERED.