**Helen M. STOCKTON, By her next Friend, William W. STOCKTON, Jr., Appellant,**

**v.**

**INDIANA DEPARTMENT OF PUBLIC WELFARE; Donald L. Blinzinger, Administrator of the Indiana Department of Public Welfare; St. Joseph County Department of Public Welfare; and Robert L. Goshert, Director of the St. Joseph County Department of Public Welfare, Appellees.**

**No. 50A04–8704–CV–122.**

Court of Appeals of Indiana, Fourth District.

Feb. 10, 1988.

Publication Ordered Jan. 10, 1989.

Kent Hull, Legal Services Program of Northern Indiana, Inc., South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Patricia K. Slater, Deputy Atty. Gen., Indianapolis, for appellees.

CONOVER, Presiding Judge.

Plaintiff–Appellant Helen M. Stockman (Stockman) appeals the denial of medicaid benefits to her by the Indiana Department of Welfare (IDW).

We affirm.

Stockton presents eight issues for review. We restate them as

1. whether the "first day of the month" rule is a valid rule when it had not been properly promulgated under the federal Administrative Procedure Act;

2. whether the trial court erred by receiving into evidence letters from the U.S. Department of Health and Human Services (HHS) when these letters were not part of the administrative record;

3. whether the "first day of the month rule" is a properly promulgated state regulation;

4. whether the court erred by relying upon an Indiana Medical Manual, which is based upon a repealed Indiana statute, when calculating Stockton's available resources;

5. whether the court erred by finding Stockton's resources exceeded $1,500 for July and August, 1984;

6. whether Stockton's guardian received proper notice of the "first day of the month" rule; and

7. whether Stockton's Fourteenth Amendment rights were violated by the "first day of the month" rule.

On August 29, 1984, Stockton's guardian filed an application for medicaid benefits with the St. Joseph County Department of Public Welfare (County). Stockton was granted benefits effective September 1, 1984, but was denied retroactive benefits for July and August, 1984. The County found Stockton had resources exceeding $1,500 on the first day of each of the denied months. Under IC 12–1–7–18.5, an individual's resources must be below $1,500 to qualify for medicaid benefits. 470 IAC 9.1–3–1 requires resource calculations to be made on the first day of each month. The County found Stockton's resources were valued at $2,076.81 on August 1, 1984 and $2,058.79 on July 1, 1984. Stockton's guardian claimed he had written a check for $1,738.08 on Stockton's account on August 1, 1984 for Stockton's July health care. Similarly, he claims Stockton had incurred expenses which had not yet been paid on July 1, 1984 which would have qualified her for medicaid benefits for July.

IPW used the "first day of the month" rule to deny Stockton benefits. A hearing officer sustained IPW's determination. The hearing officer was affirmed by IPW in an administrative decision. This decision was appealed to the Marshall County Circuit Court which sustained the IPW decision. From this decision Stockton appeals.

■ Stockton contends the "first day of the month" rule was not properly promulgated by the federal government. We agree with Stockton's contention that the rule is not federally promulgated. However, the rule was properly promulgated by the State and properly utilized in this case.

Medicaid is a combined state and federal program which reimburses certain costs of medical treatment for needy persons. *Schweiker v. Gray Panthers* (1981), 453 U.S. 34, 101 S.Ct. 2633, 69 L.Ed.2d 460. The State is required to follow eligibility guidelines of the Health and Human Services Supplemental Security Income Program (SSI). SSI requires the State to use the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) method of calculating eligibility.

Here, IPW implemented "the first day of the month" rule in accordance with HHS recommendations and TEFRA. Indiana adopted 470 IAC 9.3–1:

Sec. 1. (a) An applicant for or recipient of medical assistance is ineligible for any month in which the total equity value of all non-exempt personal property owned by him and his spouse or parents(s) if he is under age eighteen (18) exceeds the applicable limitation on the first day of the month, as set forth below:

. . . .

Stockton was denied benefits under the properly promulgated state rule. Whether the federal government properly implemented the rule is not pertinent to this controversy.[1]

---

1. Stockton cites *Brow v. Secretary of Health and Human Services* (D.Vt.1986), 627 F.Supp. 1467 in support of her argument. In *Brow* the court disallowed the state's use of the "first day of the month" rule. However, Vermont had not prom-

■ Stockton also claims the IDW should not have been allowed to enter letters from the HHS into evidence at the trial court level. IC 4–22–1–18 prohibits a *de novo* action by the trial court of the administrative action. However, this applies to questions of fact not questions of law. *Goffredo v. Indiana State Department of Public Welfare* (1981), Ind.App., 419 N.E.2d 1337. Whether the rule is valid is a question of law.

Medicaid provides federal financial assistance to states that choose to reimburse certain costs of medical treatment for needy persons. *Harris v. McRae* (1980), 448 U.S. 297, 301, 100 S.Ct. 2671, 2680, 65 L.Ed.2d 784. Each participating state develops a plan containing reasonable standards for determining eligibility. 42 U.S.C. 1396a(a)(17). The Supreme Court stated:

> Medicaid plans must comply with requirements imposed both by the Act itself and by the Secretary of Health and Human Services. (Citations omitted).

*Schweiker, supra,* 453 U.S. at 37, 101 S.Ct. at 2636.

The Court also held the secretary's determinations are entitled to more than mere weight or deference but rather "legislative effect." *Id.*

The trial court received the letters into evidence to determine the validity of the State's implementation of the "first day of the month" rule. This is appropriate to review the law involved in this case. *See Brow v. Secretary of Health and Human Services* (D.Vt.1986), 627 F.Supp. 1467. The trial court did not err by receiving the letters into evidence.

■ Stockton also attacks 470 IAC 9.1–3–1 as an improperly promulgated state rule. Stockton contends there were no state or federal regulations allowing for the rule.[2]

First, the letters from HHS entered at the trial court level indicate the secretary of HHS had determined the "first day of the month" rule was the proper guideline for determining eligibility.

Second, the Indiana rule is based upon criteria in the HHS Program Operations Manual (POM) and is the required accounting method of TEFRA. Even though the POM is not a federally promulgated rule, it is a guideline which states may use to determine eligibility criteria. *See Morris v. Simpson,* (4th Cir.1986) 783 F.2d 454.

In *Morris,* North Carolina adopted the $6,000/6 percent rule for reserve income producing property. This rule was an unpromulgated federal guideline which was implemented through North Carolina state administrative statutes. The 4th Circuit held North Carolina properly instituted the rule even though it was not a federally promulgated regulation.

*Morris* decides the exact issue presented by Stockton. Both the "first day of the month" rule and the $6,000/6% rule are found in the POM. Both rules are part of TEFRA. Neither rule had been promulgated as a federal administrative rule.

The "first day of the month" rule is a properly promulgated state regulation based upon TEFRA as required by HHS.

■ Stockton also claims the IPW should not have used her bank funds in calculating available resources. The trial court cited the Indiana Medicaid Manual for including bank accounts as available resources.

Stockton bases her argument on the fact 470 IAC 9–3–2 was repealed on April 1, 1984. This regulation defined available resources in part as bank accounts and was the basis for the manual. Without the regulation, Stockton argues the manual is not controlling.

In *Indiana Department of Public Welfare v. Crescent Manor* (1981), Ind.App., 416 N.E.2d 470, this court held the department's interpretation of statutes and its manual are not to be disturbed if it has a reasonable basis.

ulgated a state rule. Here, Indiana has a state rule.

**2.** We perceive Stockton's argument to be that "the first day of the month" rule exceeded the authority granted to IPW in administering the Medicaid program.

Here, it is reasonable to include bank funds as available resources. Furthermore, a federal regulation exists which defines bank accounts as available income for calculating medicaid eligibility. 20 C.F.R. § 416.1201 defines available resources as cash or any real or personal property which could be converted to cash.

Stockton cites *Blinzinger v. Americana Health Care Corp.* (1984), Ind.App., 466 N.E.2d 1371, in support of her argument. In *Blinzinger,* the issue was whether an adjudication or rule making had taken place. The court found the administrative body had made a rule without following the proper administrative procedures. The court voided the rule because it had not been properly promulgated.

Here, the IPW made an adjudication not a rule. The rule followed was found in the Indiana Medicaid Manual and the federal regulations. The fact that the statute for calculating available resources was repealed has no bearing upon the reasonableness of the manual.

■ Stockton next argues the trial court erred in finding she had resources exceeding $1,500 for the months of July and August, 1984. She bases this argument upon the assumption IPW improperly used the "first day of the month" rule to determine her eligibility.

We have found IPW properly used the "first day of the month" rule. Using this rule there is ample evidence to support the decision.

■ Stockton also argues the rule is unreasonable. We disagree.

In *Glaser v. Indiana State Department of Public Welfare* (1987), Ind.App., 512 N.E.2d 1128, Judge Neal found the rule to fulfill the twin goals of simplicity of administration and the best interest of the recipients. Judge Neal stated the rule to be neither arbitrary nor capricious. Stockton's argument was also addressed and rejected in *Mattingly by Mattingly v. Heckler* (7th Cir.1986), 784 F.2d 258.[3]

In her reply brief Stockton withdraws her contention her guardian was not informed of the "first day of the month" rule. She admits no error was committed here.

Stockton claims she was denied due process of law as guaranteed by the Fourteenth Amendment because IPW did not make an individualized factual determination of her eligibility. *See Brown v. Smith* (7th Cir.1981), 662 F.2d 464.

■ Findings entered by an administrative agency must be sufficient to inform the parties of the evidentiary bases upon which the ultimate findings rest, and to permit this court to engage in meaningful review. *Sloan v. Review Bd. of Indiana Employment Security Div.* (1983), Ind. App., 444 N.E.2d 862. However, there is no requirement that the findings discuss in detail each matter raised during the proceedings. *Hale v. Review Bd. of Indiana Employment Security Div.* (1983), Ind. App., 454 N.E.2d 882.

■ The hearing officer sustained the denial of Medicaid assistance because Stockton's resources exceeded the $1,500 eligibility limit as of the first of July and August, 1984. Given our resolution of the "first day of the month" rule, the findings in the instant case are sufficient.

The judgment of the trial court is affirmed.

MILLER, P.J., and HOFFMAN, J., concur.

---

**3.** The "first day of the month" rule is now a federal rule. *See* 20 CFR § 416.1207(a).